UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                                   Case No. 10-CR-31

CHIENG VANG,

          Defendant.

---

## GOVERNMENT'S SENTENCING MEMORANDUM

---

      This case is set for sentencing on April 20, 2011. Defendant Chieng Vang has filed significant objections to the Presentence Report (PSR). These are addressed in an addendum to the PSR dated February 22, 2011. This memorandum addresses the defendant's objections while supporting the government's sentencing recommendation.

      *Drug Weight*

      The PSR concludes that Chieng Vang's relevant conduct includes more than 160,000 ecstasy pills and over 800 grams of actual methamphetamine. The corresponding base offense level is 38. PSR ¶ 121. Defendant objects to these figures. Defendant asserts that he is responsible for no more than 35,000 ecstasy pills, 51 grams of methamphetamine, and an additional 24 ounces of a mixture containing methamphetamine. Defendant asserts that his base offense level should be 34. The government has provided an analysis to establish that the figures used by the probation office are reasonable and conservative.

*Possession of Firearms*

The PSR assigns a two-point enhancement for defendant's possession of firearms during the drug trafficking conspiracy. PSR ¶122. The defendant and the government agree.

*Role in the Offense*

The PSR assigns a four-point enhancement for defendant's leadership of criminal activity involving 5 or more persons. PSR ¶ 124. The defendant objects asserting that defendant, while a leader of the ecstasy wing of the conspiracy, was not a leader of the methamphetamine wing of the conspiracy. Defendant further asserts that this is also the government's view. Defendant's Objections pg. 7. This is not the government's view and it is hard to discern what legal difference this differentiation of wings would make. The government's position, consistent with the parties' stipulation in the plea agreement, is that the defendant should receive a two-point enhancement "because the defendant was an organizer, leader, and supervisor of the conspiracy." Plea Agreement ¶ 19.

*Acceptance of Responsibility*

The PSR applies a total reduction of three points for Acceptance of Responsibility. PSR ¶s 127, 128. The defense and the government agree that this reduction is appropriate. While defendant has minimized his participation in the offense, suggesting that he was not a member or leader of the MOD and was not significantly involved in the distribution of methamphetamine, his early plea of guilty and general acknowledgment of responsibility for the offense qualify for a reduction consistent with Application Note 3 to Guideline Section 3E1.1.

*Criminal History*

The defendant has one prior conviction, for Attempted Murder and Attempted Robbery in 1993 at the age of 16. Defendant was sentenced to 9 years in prison, apparently as a juvenile.

Defendant was released in 2001. If the defendant had been convicted as an adult (and again the PSR writer concluded defendant was convicted as a juvenile), then he would have received three points for this conviction and would be at Criminal History Category II. Because it appears that defendant was sentenced as a juvenile, the offense, despite its severity, does not score, and the defendant is a Criminal History Category I.

### *Government's Position*

The government is concerned that a time-consuming computation of relevant conduct will be a distraction from the real issue before the Court, which is, how much time in prison is appropriate for MOD leader Chieng Vang. Nonetheless, a sentencing court must correctly calculate the Guidelines under 3553(a)(4) and consider the sentencing range as it evaluates the other 3553(a) factors.

The bottom line on the Guidelines from the defendant's perspective is that the defendant's adjusted offense level should be 35, which in combination with a Criminal History Category of I yields a Guideline range of 168 to 210 months, or 14 to 17.5 years. The PSR concludes that the defendant's adjusted offense level should be 41, which in combination with a Criminal History Category I yields a Guideline range of 324 to 405 months, or 27 to 33 plus years. The government has taken the position that defendant's base offense level should be 38, with 2 point enhancements for firearms and leadership, and a 3 point reduction for acceptance resulting in an adjusted offense level of 39, which in combination with a criminal history category of I yields a Guideline range of 262 to 327 months, or 21 plus to 27 plus years.

Defendant asks the Court to sentence him to the statutory minimum term of 10 years. Defendant argues that he is a good family man, confined to a wheel chair who "made an incredibly

poor decision to support his wife and young children by selling ecstasy." Defense memorandum at pg. 4. The picture painted by the defense is an illusion. Defendant was the leader of the MODs in the Midwest. He was involved in bringing ecstasy and methamphetamine into the Midwest and was in control of the movement of firearms between gang members throughout the Midwest over an extensive period of time. The suggestion that he simply made a "poor decision" is absurd. He made a decision every day for a period of years to sell methamphetamine and ecstasy for profit. Vang held more than $100,000 in drug profits when he was finally caught after a year-long wiretap investigation by ATF and DEA. The suggestion that he was a small time ecstasy dealer turned meth dealer by a government agent is incredible.

Intercepted phone calls paint a more accurate portrait of Chieng Vang's criminal activity. As several CI's told law enforcement prior to the initiation of the wiretap (see, PSR ¶ 16 to 19), Chieng Vang was the leader of the MOD's in the Midwest, with influence over MODs in Milwaukee and other cities. Yang Lor was, at least for a time prior to 2010, the leader of the MODs in Milwaukee. Intercepted phone calls reveal that Yang Lor (as well as Chee Vang) answered to Chieng Vang, who they called "Moon." As a call on October 21, 2009 shows, Moon was an MOD leader who Milwaukee MODs turned to to settle their internal disputes. In this call Chee Vang notes that Moon and Moua (co-defendant Leng Moua) control Minnesota by running the drugs and not hanging out with the younger street gang members. PSR ¶ 34. A call from September 8, 2009, showed that Moon was in control of the methamphetamine Chee Vang was providing to Yang Lor to sell to an ATF undercover agent. PSR ¶ 26. Calls between Chieng Vang and Kon Meng Yang (PSR ¶s 95 to 100) show that Chieng Vang and Kon Meng discussed pooling their money to obtain pounds of methamphetamine from cheaper sources of supply in California.

Additional calls confirm that Chieng Vang/Moon controlled the movement of firearms used by members of the MOD. As ¶ 12 of the PSR makes clear, the use of firearms by the younger MOD street gang members had devastating effects on the Milwaukee community, with over 80 shootings by Milwaukee MODs directed against their rivals between August of 2004 and May of 2009. On October 24, 2009, Chee Vang and Yang Lor discussed the location of 3 guns the Milwaukee MODs had received from "Moon." PSR ¶s 35 to 36. Co-defendants Kai Vang and Chin Xiong have plead guilty too, assisting in the movement of these firearms from Moon in Minnesota to the MOD street leaders in Milwaukee. MOD leader Chieng Vang/Moon was not some hapless wheel chair bound dupe finding small amounts of meth to keep his ecstasy customers happy.

In considering the "nature and circumstances of the offense," the court should consider the full picture of what the defendant was and what the defendant did. The offense, a meth and ecstasy conspiracy, was extensive. Chieng Vang was responsible for moving meth and ecstasy into Milwaukee, Eau Claire and Appleton with devastating effects on the lives of meth and ecstasy users like co-defendants Cher Vang, Dylan Black, Kevin Kutschera, and Angela Koerner. The history and characteristics of the defendant are not positive. He was and is a leader of a dangerous street gang. He has no history of employment other than as a drug dealer. He has a serious prior conviction for Attempted Homicide for which he was sentenced to 9 years in prison. That sentence, severe as it was, did not end his involvement with the MOD, with firearms, or with a criminal lifestyle. As the officers searched Chieng Vang's home at his arrest in this case, they found ecstasy secreted in boxes of stolen auto parts.

The sentence imposed against Chieng Vang must reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Any sentence less than 15 years is

inadequate to accomplish these purposes. Even if the Court were to accept the defendant's calculations, the range would be 14 to 17.5 years. Less than 15 years will not provide adequate deterrence to Chieng Vang and will not protect the public from his further crimes. Chieng Vang continued to direct criminal gang activity after serving a sentence of 9 years in prison. A sentence of 10 years, suggested by the defense, is so far below the sentencing range established by any reasonable computation of the Guidelines, that it would create unwarranted disparities among other similarly situated defendants, including defendants Yang Lor and Chee Vang who have agreed to relevant conduct at or greater than that claimed by Chieng Vang.

The government requests that the Court find that the base offense level established by the computations in the PSR is 38 and that the adjusted offense level is 39. The government will not be providing testimony at the sentencing hearing as it is not necessary and, again, would become an unnecessary side-show. The government requests that the Court sentence the defendant to a term of 20 years, which is less than the sentencing range resulting from the government's calculations and is more than 10 years less than the calculations in the PSR.

Respectfully submitted at Milwaukee, Wisconsin, this 18th day of April, 2011.

JAMES L. SANTELLE
United States Attorney

By: s/ WILLIAM J. LIPSCOMB
Assistant United States Attorney
Attorney for Plaintiff
Bar No. 1001057
United States Attorneys Office
U.S. Federal Building & Courthouse
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI 53202
414/297-1700
Fax 414/297-1738
william.lipscomb@usdoj.gov