UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                       Case No. 10CR31 (LA)

Phia Vang,
    Defendant.

SENTENCING MEMORANDUM PURSUANT TO 18 U.S.C. 3553(a)(2)

Now comes the defendant, Phia Vang, by and through his attorney Chris Bailey does hereby submit the following factors for the Court's consideration in order to fashion a sentence that is sufficient, but not greater than necessary, to comply with the mandatory factors set forth in 18 U.S.C. 3553(a)(2). The defendant would ask the court to use the advisory departure guidelines pursuant to U.S.S.G. §§ 5K2.0 as well as those mandatory factors as grounds for imposing a sentencing under the advisory guideline range in this case.

It is respectfully requested that the Court impose sentence of probation and home confinement if the court deems it appropriate as a condition of that sentence.

## SENTENCING CONSIDERATIONS AND LEGAL BASIS

"The Supreme Court's decision in *Booker* requires this Honorable Court first to compute the guidelines just as he would have done before Booker, and then – because Booker demoted the guidelines from mandatory to advisory status – to decide whether the guideline sentence is the correct sentence to give the particular defendant." *United States v. Wachowiak*, 496 F.3d 744 (7th Cir. 2007) citing *United States v. Dean*, 414 F.3d 725, 727 (7th Cir. 2005).

*Booker* sentencing discretion is exercised in accordance with the sentencing factors specified in 18 U.S.C. 3553(a), which provides in pertinent part:

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed shall consider

(b)(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) promote respect for the law, and to provide just punishment for the offense;

(E) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Moreover, this Honorable Court must also take into account the kinds of sentences available; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. 3553(a). "3553(a), unlike the guidelines themselves after *Booker*, is mandatory. This Honorable Court cannot, after considering the factors listed in the statute, import his own philosophy of sentencing if it is not consistent with them." "But 3553(a) factors are broad, vague and open ended." *United States v. Wachowiak*, supra citing *United States v. Dean*, supra at 729. "This Honorable Court has considerable discretion to individualize the sentence to the offense and the offender as long as the judge's reasoning is consistent with 3553(a)." *United States v. Wachowiak*, supra citing *Rita v. United States*, 127 S. Ct 2456, 2463 (2007). The considerations under 3553(a) are required to be made by this court.

"Accordingly a sentence is reasonable if the sentencing judge has given meaningful consideration (emphasis added) to the sentencing factors enumerated in 3553(a), including the advisory sentencing guidelines, and arrived at a sentence that is objectively reasonable in light of the statutory factors and the individual circumstances of the case. *United States v. Wachowiak*, supra citing *United States v. Cunningham*, 429 F.3d 673, 670 (7th Cir. 2005) and *United States v. Dean*, supra at 729. This Honorable Court's mandate is to impose a sentence that is sufficient but not greater than necessary. see also *Gall v. United States*, 128 S. Ct. 586, 602 (2007) ("the Guidelines are only one of the factors to consider when imposing sentence, and § 3553(a)(3) directs the judge to consider sentences other than imprisonment").

The defendant would request that the court, when passing sentence on him, consider his acceptance of responsibility, substance abuse issues, family responsibilities, and his very positive adjustment in the community since the offense.

Application Note #3 to U.S.S.G. §5K2.20 states, in determining whether the court should depart under this policy statement, the court may consider the defendants (A) mental and emotional conditions; (B) employment record; (C) record of prior good works; (D) motivation for committing the offense; and (E) efforts to mitigate the effects of the offense.

When imposing sentence, a Court is to give "respectful consideration to the guidelines" but "may not presume that the guideline sentence is the correct one". *United States v. Taylor*, 586 F.Supp.2d 1065, 1068 (E.D. Wisconsin 2008), quoting from *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007) and *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007). Courts are now to make "independent determination[s] based on all of the §3553(a) factors without 'any thumb on the scale favoring a guideline sentence.'" *Taylor* at 1068, quoting from *United States v. Sachsenmaier*, 491 F.3d 80, 685 (7th Cir. 2007).

The Guideline departure provisions may, however, be reviewed by the Court for guidance when applying the statutory sentencing factors outlined at 18 U.S.C. § 3553. Please see 18 U.S.C. § 3553(a)(1), (2), and (3). Additionally, while a sentencing Court must determine the applicable Guideline range and give due consideration to the recommended Guideline range, the United States Supreme Court has held that a sentencing Court may not presume that the range is reasonable when applying the 18 U.S.C. Sec. 3553 factors and must make an "individualized assessment based on the facts presented". *Gall v. United States*, 128 S.Ct. 586, 596-597, (2007). It might be worthwhile, as well, to dispel the sort of pre-Booker thinking that only unique circumstances will justify a below Guidelines sentence. *See United States v. Castro-Suarez*, 425 F.3d 430, 436 (7 Cir. 2005); *United States v. Cull*, 446 F.Supp.2d 961, 966 (E.D. Wis. 2006).

**ARGUMENT IN SUPPORT OF A PROBATION RECOMMENDATION**

Mr. Phia Vang is going to be 30 years old in October. He comes before the Court as a married man who is currently employed and supports four children. His wife has stood by him through all of this.

The defendant has one of the worst childhoods of any person who comes before the court for sentencing. He started his life in a refugee camp in some of the worst poverty imagineable. As the PSR mentions, his father may have killed his mother over a scheme to sell Phia to another family. Ultimately, Mr. Vang made his way to the United States.

Once he arrived in the United States, Mr. Vang was left with family members. His father was more concerned with feeding a drug habit. Given the genetic factors that come into play with addiction and substance abuse as well as his horrible childhood, it is not surprising that Mr. Vang developed a substance abuse problem.

When initially indicted, Mr. Vang did not believe he had a drug problem or was in need of treatment. Although he had a slow start in treatment, he made a surprising amount of progress. He became actively engaged in the treatment and has perfect attendance. While on bond Mr. Vang has had no positive drug tests.

Counsel has spoken with Mr. Vang's wife, and she related that there were several times she had to kick her husband out because of his drug habit. She laid down the law and told him that he had to choose drugs or his family. Mr. Vang decided that his family was more important than his addiction and drug lifestyle. She took him back into the home. Mr. Vang now has steady employment, takes his children to school, and stays at home with his family at night. The instant offense may have very well been one of the most significant turning points in his life. Without the intervention of the court system, Mr. Vang would have very well could have been killed by the lifestyle that he was leading.

The instant offense committed by Mr. Vang did not involve significant planning on his part or had a goal of anything greater than feeding his habit. His entire motivation for involving himself in the instant offense was to continue using drugs. It is quite clear based on the comments of his family that without this addiction, he would not have been involved in this offense. The drug treatment he has received as well as the help of his family has gone a long way to achieve and maintain sobriety.

The advisory guideline on this case is properly calculated, but given all of the listed factors in 18 U.S.C. 3553(a), it appears that prison is not needed on the instant case. Mr. Vang should be allowed to stay in the community. Without his financial support and child care, it would be very difficult for his wife to care for the children and generate an income.

## CONCLUSION

Phia Vang prays this Honorable Court to take into consideration all of the factors set forth in this memorandum when sentencing the defendant. When passing sentence on Mr. Vang, defense counsel would ask that the court consider sentencing the defendant to a term of supervision in the community.

Respectfully submitted,
s/ Chris Bailey
Counsel for the Defendant
WI Bar No. 1025546
Bailey Law Office LLC
4227 W. Forest Home Avenue
Milwaukee, WI 53215
(414) 604-8220
Cmblaw@aol.com